IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEHAN ZEB MIR,

    **Plaintiff,**

v.

JAY BROWN, et al.,

    **Defendants.**

Case No. 15-9097-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff Zehan Zeb Mir, proceeding *pro se*, filed this case in May 2015 against Kansas Defendants Jay Brown and Westport Insurance Corporation ("Westport Defendants"), and against California Defendants Iungerich & Spackman, a Professional Law Corporation ("I & S"), Russell Iungerich, and Paul Spackman (collectively "I & S Defendants"). Plaintiff seeks monetary damages for federal and California state law claims. The Court previously granted the Westport Defendants' Motion to Dismiss, as joined by individual Defendants Iungerich and Spackman, on grounds that Plaintiff's claims are barred by the doctrine of res judicata, and incorporates that order by reference herein.[1] The Court also ordered I & S to show cause, in writing, why default should not be entered against it in this matter pursuant to Fed. R. Civ. P. 55(a).[2] I & S responded and this matter is now before the Court on I & S's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(2) and (6), on the grounds that this Court lacks personal jurisdiction and alternatively, that Plaintiff's claim is barred by the doctrine of res judicata. (Doc. 36). For the reasons explained below, the Court grants I & S's motion, declines

---

[1] Doc. 32
[2] *Id.*

1

to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismisses the case in its entirety.

## I. Discussion

### A. Failure to Respond

As an initial matter, Plaintiff has failed to respond to the Motion to Dismiss. Under D. Kan. Rule 7.4(b),

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Accordingly, the Court may grant I & S's Motion to Dismiss as uncontested. Out of an abundance of caution, the Court considers the substance of the motion below.

### B. Personal Jurisdiction

"The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well established: plaintiff bears the burden of establishing personal jurisdiction over a defendant."[3] In the preliminary stages of litigation, this burden is light, and courts accept as true all well-pleaded, non-conclusory facts alleged by the plaintiff, unless those facts are controverted by affidavit.[4]

---

[3] *Rainy Day Books, Inc. v. Rainy Day Books & Café, L.L.C.*, 186 F. Supp. 2d 1158, 1160 (D. Kan. 2002) (citing *Rambo v. Am. Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988)); *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[4] *Intercon, Inc. v. Bell Atl. Internet Sols.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

The Kansas long-arm statute is construed to allow jurisdiction to the full extent permitted by due process.[5] To satisfy due process, the nonresidential defendant must have certain minimum contacts with the forum such that the imposition of jurisdiction would not "offend traditional notions of fair play and substantial justice."[6]

The "minimum contacts" standard may be met in one of two ways. First, a defendant who has "continuous and systematic" contacts with the forum state brings itself within the general jurisdiction of that state.[7] Second, where the activities of a defendant in a forum state are isolated or do not otherwise rise to the level necessary for an exercise of general jurisdiction, a court may exercise specific jurisdiction over the defendant if the defendant has "purposefully directed" its acts at residents of the forum and the claims at issue "arise out of or relate to" those activities.[8] This analysis is two-fold. First, the court must determine whether the nonresident defendant "has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'"[9] Within this inquiry, the court must evaluate whether the defendant purposefully directed its activities at the forum state and whether the plaintiff's claims arise out of actions by the defendant that create a substantial connection with the forum.[10] Second, if the court finds that the defendant has the sufficient minimum contacts, the court must consider whether an exercise of jurisdiction over the defendant is reasonable—i.e., whether it "offends 'traditional notions of fair play and substantial justice.'"[11]

---

[5]*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir.1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)).

[6]*Int'l Shoe Co. v. Washington*, 362 U.S. 310, 315 (1945) (internal quotations omitted).

[7]*OMI Holdings*, 149 F.3d at 1091.

[8]*Id.* at 1090–91 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[9]*Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

[10]*Id.*

[11]*Id.* (internal quotations omitted).

The Court finds that I & S lacks the contacts necessary to support the exercise of personal jurisdiction under either standard. Plaintiff's complaint alleges that his action arises in the context of two judgments entered by a "California state court" and money owed to I & S as a result of two separate judgments in attorney fees against Plaintiff. While Plaintiff claims I & S engaged in an alleged "conspiracy" with other named defendants to "double-dip" and defraud Plaintiff of money owed to I & S as fees, all conduct at issue is claimed in connection with California litigation and the purported "influence" I & S exercised over "the justices of the California state court of appeal(s) (sic)" rather than any alleged actions or connection with the State of Kansas. Accordingly, the Court grants I & S's motion to dismiss for lack of personal jurisdiction.

**C. Res Judicata**

Alternatively, if this Court were to exercise jurisdiction, dismissal is appropriate under Rule 12(b)(6). To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, when assumed to be true, "raise a right to relief above the speculative level"[12] and must include "enough facts to state a claim for relief that is plausible on its face."[13] Under this standard, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[14] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[15] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a

---

[12]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[13]*Id.* at 570.

[14]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[15]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

4

plaintiff must offer specific factual allegations to support each claim."[16] Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[17]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[18] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[19] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[20] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]

A district court can take judicial notice of its own decisions and records in a prior case involving the same parties without converting a motion to dismiss the later case into a motion for summary judgment.[22]

"Because res judicata is an affirmative defense, the burden of proof rests with the defendant."[23] The defense can be presented "on records from prior cases with the same

---

[16]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[17]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[18]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[19] *Id.* at 678–79.

[20] *Id*. at 679.

[21] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

[22]*See Merswin v. Williams Cos., Inc.*, 364 F. App'x 438, 441 (10th Cir. 2010).

[23]*Columbian Fin. Corp. v. Bowman*, 314 F. Supp. 3d 1113, 1132 (D. Kan. 2018) (citing *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1256 (10th Cir. 1997), *cert. denied*, 523 U.S. 1064 (1998)).

parties."[24] The court may "take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."[25]

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"[26] As relevant here, "[c]laim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."[27] Claim preclusion requires: "(1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits."[28] If these requirements are met, res judicata is appropriate if the party had a "full and fair opportunity" to litigate the claim in the prior suit.[29] "To determine what constitutes a 'cause of action' for preclusion purposes, this court has adopted the 'transactional approach' found in the *Restatement (Second) of Judgments* § 24."[30] This approach, as adopted by the Tenth Circuit, states:

> [A] final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a "transaction" or a "series" is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.[31]

---

[24]*Id.* (citing *Merswin v. Williams Cos., Inc.*, 364 F. App'x 438, 441 (10th Cir. 2010)).

[25]*United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir.) (citations omitted) (*cert. denied*, 552 U.S. 969 (2007).

[26]*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (footnote omitted).

[27]*New Hampshire v. Maine*, 532 U.S. 742, 748 (2001).

[28]*MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005).

[29]*Id.* (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999)).

[30]*Id.* at 832.

[31]*King v. Union Oil of Cal.,* 117 F.3d 443, 445 (10th Cir. 1997) (alteration in original) (quoting *Lowell Staats Mining Co., Inc. v. Phil. Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir. 1989)).

In making its determination as to whether the claim or issue preclusion factors are met, the Court will examine the record from the 2014 California federal action to determine whether Plaintiff's lawsuit is barred with respect to I & S.

The elements of claim preclusion are easily satisfied with respect to I & S. The 2014 California federal action (1) ended in a judgment on the merits of Plaintiff's federal claims in that case; (2) included I & S as a defendant; and (3) the suit was based on the same causes of action. To the extent Plaintiff did not state a claim for conspiracy to violate civil rights in his 2014 federal action, claim preclusion bars his claim here if Plaintiff could have asserted this claim based upon the same facts alleged in the complaint in this case. The facts alleged in this case and the 2014 federal action are nearly identical, and there is nothing to suggest that Plaintiff could not have raised his conspiracy claim in the 2014 federal action. Notably, all of the underlying facts involve the I & S Defendants' attempts to collect the very same debt in the 2014 action that is now the subject of the instant action and that forms the basis of Plaintiff's claims in this case. There was nothing precluding Plaintiff from raising a conspiracy to violate civil rights claim, arising from the same set of facts alleged here, in the 2014 federal action. Finally, Plaintiff does not suggest that he lacked a full and fair opportunity to litigate his claims.

Further, the Court takes judicial notice that on June 1, 2015, after the 2014 federal action was dismissed, and while Plaintiff's appeal to the Ninth Circuit was pending, Plaintiff filed a second federal lawsuit against I & S and FRBC in the Central District of California asserting claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), intentional interference with contractual rights under § 1981, violation of California's FDCPA, judicial

estoppel and accounting, malicious prosecution, and intentional infliction of emotional distress.[32]
The California district court, which also presided over the 2014 federal action, granted FRBC and I & S's motions to dismiss with respect to Plaintiff's federal claims as barred by the doctrine of claim preclusion and declined to exercise supplemental jurisdiction over Plaintiff's state law claims.[33] The court also held, for the second time, that it was clear that Plaintiff's federal claims could not be saved by amendment and thus dismissed the federal claims with prejudice to refiling.[34] Plaintiff appealed this decision to the Ninth Circuit, which affirmed dismissal of the federal claims on the basis of res judicata.[35] Accordingly, Plaintiff's federal claims against I & S have now been dismissed twice; the Ninth Circuit has affirmed both judgments of dismissal. Plaintiff's present claim against I & S is subject to dismissal for the same reasons.

### D. Supplemental Jurisdiction Over Remaining State Law Claims

In addition to his federal claims, Plaintiff asserts claims for "extrinsic fraud" and intentional infliction of emotional distress, both based on the I & S Defendants' collection efforts. It appears that Plaintiff brings these claims under California state law. A district court may "decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction."[36] The Supreme Court has advised that, absent another ground for federal subject matter jurisdiction, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal

---

[32]*Mir v. Frandzel, Robin, Bloom, Csato. LC*, No. 2:15-cv-04101-CAS, 2016 WL 4425715, *1–3 (C.D. Cal. Aug. 16, 2016).

[33]*Id.* at *4–8.

[34]*Id.* at *8.

[35]*Mir v. Frandzel, Robin, Bloom, Csato, LC*, 699 F. App'x 752 (9th Cir. 2017).

[36]28 U.S.C. § 1367(c)(4).

court should decline the exercise of jurisdiction by dismissing the case without prejudice."[37] The Tenth Circuit counsels courts to "generally decline to exercise supplemental jurisdiction when no federal claims remain because "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[38] Because the Court dismisses Plaintiff's federal claims against all Defendants, it also declines to exercise supplemental jurisdiction over Plaintiff's state law claims—just as the California district court did in the 2014 federal action—and dismisses these claims without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that I & S's Motion to Dismiss (Doc. 36) is **granted**; Plaintiff's claims against I & S are dismissed without prejudice.

**IT IS FURTHER ORDERED** that this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims; this matter is **dismissed in its entirety**.

**IT IS SO ORDERED.**

Dated: August 19, 2019

                              S/ Julie A. Robinson
                              JULIE A. ROBINSON
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[37]*See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Hubbard v. Okla. ex rel. Okla. Dep't of Human Servs.*, 759 F. App'x 693, 713 (10th Cir. 2018) (citations omitted).

[38]*Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).