# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **JEHAN ZEB MIR,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 15-9097-JAR-JPO** |
| **JAY BROWN, et al.,** | |
| **Defendants.** | |

### MEMORANDUM AND ORDER DENYING MOTION TO ALTER JUDGMENT

Plaintiff Jehan Zeb Mir, proceeding *pro se*, filed this case in May 2015 against Kansas Defendants Jay Brown and Westport Insurance Corporation ("Westport Defendants"), and against California Defendants Iungerich & Spackman, a Professional Law Corporation ("I & S"), Russell Iungerich, and Paul Spackman (collectively "I & S Defendants"). Plaintiff sought monetary damages for federal and California state law claims. The Court granted the Westport Defendants' Motion to Dismiss, as joined by individual Defendants Iungerich and Spackman, on grounds that Plaintiff's claims are barred by the doctrine of res judicata.[1] The Court also granted as unopposed I & S's Motion to Dismiss on the grounds that this Court lacks personal jurisdiction and alternatively, that Plaintiff's claim is barred by the doctrine of res judicata, declined to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismissed the case in its entirety.[2] Judgment was entered on August 19, 2019, dismissing with prejudice the claims against the Westport Defendants, Iungerich, and Spackman, and dismissing without prejudice the claims against I & S.[3]

---

[1]Doc. 32

[2]Doc. 38.

[3]Doc. 39.

This matter is now before the Court on Plaintiff's Application to Amend Judgment (Doc. 40) requesting the Court to alter or amend the judgment to reflect a dismissal with prejudice with respect to Defendant I & S. Plaintiff asks that the dismissal be with prejudice because dismissal without prejudice "does not dispose of all issues on merit and is not a final judgment," and thus not appealable.[4] Plaintiff's request is misplaced.

Although Plaintiff does not specify the grounds for his request, the Court construes his "application" as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice.[5]

Defendant I & S filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2) on the grounds this Court lacked personal jurisdiction.[6] In the alternative, I & S moved to dismiss under Rule 12(b)(6) on the grounds that Plaintiff's claims are barred by the doctrine of res judicata. When a defendant couples a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with other issues, the court must first determine the jurisdictional issue.[7] If jurisdiction is lacking, the court cannot render a valid judgment on the merits of the other issues.[8] If a court determines that personal jurisdiction is lacking for some or all of the defendants, all other claims and issues related to those claims brought against those defendants are rendered moot.[9] The court should then dismiss the claims without prejudice on jurisdictional grounds. "Dismissing the case for

---

[4]Doc. 40 at 4.

[5]*See Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).

[6]Doc. 36.

[7]*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).

[8][8]*Id.*

[9]*Daugherty v. United States*, 73 F. App'x 326, 329–30 (10th Cir. 2003).

lack of personal jurisdiction, therefore, acts as res judicata in courts subject to the same jurisdiction limits, but does not preclude litigation of the merits in a court with jurisdiction."[10]

That is what happened in this case—the Court first considered and granted I & S's motion to dismiss for lack of personal jurisdiction; it went on to hold, *arguendo*, that if it did have jurisdiction, Plaintiff's claims would be barred by the doctrine of res judicata.[11] Although dismissal of Plaintiff's claims against I & S was without prejudice, it resulted in an appealable final order under 28 U.S.C. § 1291. A dismissal for failure to make a prima facie showing of personal jurisdiction is reviewed de novo.[12] Thus, Plaintiff has not asserted any valid basis to alter or amend his judgment and his motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter Judgment (Doc. 40) is **denied**.

**IT IS SO ORDERED.**

Dated: <u>September 30, 2019</u>

<u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[10]*Walker v. THI of N.M. at Hobbs Center*, 801 F. Supp. 2d 1128, 1141 (D. N.M. 2011) (citation omitted). *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 463–64 (5th Cir. 2013).

[11]Doc. 38 at 2–8.

[12]*Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).